UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA KING aka PAMELA SCHIAVONE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 19-CV-1689-CAB-WVG<br><br>**ORDER ON MOTIONS TO DISMISS AND MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION OR REQUIRE A BOND**<br><br>[Doc. Nos. 3, 5, 9] |

This matter is before the Court on motions to dismiss and to expunge a notice of pendency of action recorded against the real property located at 584 Palomar Court, Encinitas, California 92024 (the "Property") filed by Defendants U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust ("US Bank") and Summit Management Company, LLC ("Summit"). Plaintiff has opposed the motions, and the Court deems them suitable for submission without oral argument. As discussed below, the motions are granted.

**I.　Background**

On October 15, 2004, Plaintiff entered into a mortgage loan agreement with Countrywide Bank as lender consisting of a promissory note and deed of trust secured by the Property. [Doc. No. 1-2 at ¶ 8.] The trustee under the deed of trust was CTC Real

1

Estate Services, and the beneficiary was Defendant Mortgage Electronic Registration Systems ("MERS"). [*Id.*]

On October 20, 2009, a "Substitution of Trustee and Assignment of Deed of Trust" dated September 8, 2009 (the "September 2009 Assignment"), was recorded in the San Diego County Recorder's Office. [*Id.* at 58.] The document states that MERS substituted Recontrust Company, N.A., as trustee, and transferred to BAC Home Loans Servicing LP all beneficial interest under the deed of trust to the Property.[1] [*Id.* at 58, 60.]

On July 21, 2016, an "Assignment of Deed of Trust" dated May 17, 2016, was recorded in the San Diego County Recorder's Office. [*Id.* at 62.] The document stated that Defendant Bank of America, N.A. ("BoA"), successor by merger to BAC Home Loans Servicing LP, assigned its rights under the deed of trust to the Property to US Bank. [*Id.*] On July 25, 2016, a "Substitution of Trustee" dated July 21, 2016, that substituted Summit as trustee was recorded in the San Diego County Recorder's Office. [Doc. No. 4 at 43.][2]

On October 21, 2016, a notice of trustee sale on the Property was recorded. [Doc. No. 1-2 at ¶ 18; Doc. No. 4 at 51.] On July 5, 2017, a foreclosure sale was held with Summit as trustee, and the Property was conveyed to U.S. Bank. [Doc. No. 1-2 at ¶ 19; Doc. No. 4 at 54.]

Two years later, on July 9, 2019, Plaintiff filed a complaint in San Diego County Superior Court seeking to unwind the foreclosure sale, cancel the various assignments and substitutions recorded against the Property, and to quiet title to the Property. The complaint named US Bank, Summit, BoA, and MERS as defendants. Summit and US Bank removed the complaint to this court and on September 6, 2019, filed a motion to dismiss and a motion to expunge or require a bond for the notice of pendency of action that Plaintiff

---

[1] A duplicative "Substitution of Trustee and Assignment of Deed of Trust" was recorded in March 2010.
[2] Defendants request judicial notice of various recorded documents related to the Property and a certificate of merger filed with the Texas Secretary of State. [Doc. No. 4.] Plaintiff did not oppose this request, and it is granted. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[U]nder Fed.R.Evid. 201, a court may take judicial notice of matters of public record.").

recorded after filing the complaint. These motions have been fully briefed. Meanwhile, on September 25, 2019, BoA and MERS filed their own motion to dismiss. The deadline for Plaintiff's opposition to that motion has yet to pass.

## II. Legal Standard for Motions to Dismiss

The familiar standards on a motion to dismiss apply here. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

## III. Discussion

The complaint asserts five claims, each of which arise out of Plaintiff's apparent belief that the recorded assignments and substitutions of trustee on the Deed of Trust on the Property were invalid or void rendering the foreclosure sale wrongful and void. The five claims in the complaint are: (1) wrongful foreclosure against US Bank and Summit; (2) quiet title against US Bank; (3) cancelation of instruments against all defendants; (4) violation of California's unfair competition law ("UCL") against all defendants; and (5) slander of title against all defendants. Each of Plaintiff's claims are predicated on her

position that MERS lacked authority to assign the Deed of Trust to BAC Home Loans Servicing, meaning all subsequent assignments and substitutions were ineffectual and the beneficiary and trustee unchanged from the original Deed of Trust. Thus, according to Plaintiff, US Bank and Summit had no interest in the Deed of Trust or promissory note and no right to foreclose on the Property. US Bank and Summit each move to dismiss all claims against them for failure to state a claim.

### A. Wrongful Foreclosure

"The elements of a wrongful foreclosure cause of action are: (1) The trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Sciarratta v. U.S. Bank Nat'l Assn.*, 247 Cal. App. 4th 552, 561–62 (Cal. Ct. App. 2016) (internal quotation marks and citation omitted). US Bank and Summit argue that the complaint does not adequately allege any of these elements.

#### 1. Tender

First, US Bank and Summit argue that this claim should be dismissed because the complaint does not allege that Plaintiff tendered the amount owed on her loan. Under California law, however, because Plaintiff's wrongful foreclosure claim is premised on an allegedly "void as distinguished from a voidable assignment, she is excused from having to allege tender as an element of her wrongful foreclosure cause of action." *Sciarratta*, 247 Cal. App. 4th at 565 n.10; *see also Glaski v. Bank of Am.*, 218 Cal. App. 4th 1079, 1100 (Cal. Ct. App. 2013) ("Tender is not required where the foreclosure sale is void, rather than voidable, such as when a plaintiff proves that the entity lacked the authority to foreclose on the property."). Accordingly, the lack of an allegation of tender is not fatal to Plaintiff's wrongful foreclosure claim.

### 2. Prejudice or Harm

US Bank and Summit also argue that Plaintiff does not adequately allege prejudice as a result of the foreclosure sale. Yet, the gravamen of the complaint is that US Bank and Summit foreclosed on the Property without any right to do so because they had no interest in the debt. Under California law, "[a] homeowner experiences prejudice or harm when an entity with no interest in the debt forecloses. When a non-debtholder forecloses, a homeowner is harmed because he or she has lost her home to an entity with no legal right to take it. If not for the void assignment, the incorrect entity would not have pursued a wrongful foreclosure. Therefore, the void assignment is the cause-in-fact of the homeowner's injury and all he or she is required to allege on the element of prejudice." *Sciarratta*, 247 Cal. App. 4th at 565–66; *cf. Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 924 (2016) ("[A] borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment."). Accordingly, the complaint adequately alleges this element of a wrongful foreclosure claim as well.

### 3. Propriety of the Foreclosure

Finally, US Bank and Summit argue that the complaint does not adequately allege that the foreclosure was illegal, fraudulent, or willfully oppressive. The premise for Plaintiff's claim that the foreclosure was wrongful is that US Bank was not the beneficiary on the Deed of Trust and that Summit was not trustee at the time of the foreclosure. This "theory that a foreclosure was wrongful because it was initiated by a nonholder of the deed of trust has also been phrased as (1) the foreclosing party lacking standing to foreclose or (2) the chain of title relied upon by the foreclosing party containing breaks or defects." *Glaski*, 218 Cal. App. 4th at 1093. Although "courts have recognized the existence of a valid cause of action for wrongful foreclosure where a party alleged not to be the true beneficiary instructs the trustee to file a Notice of Default and initiate nonjudicial foreclosure . . . properly alleging a cause of action under this theory requires more than

simply stating that the defendant who invoked the power of sale was not the true beneficiary under the deed of trust. Rather, a plaintiff asserting this theory must allege facts that show the defendant who invoked the power of sale was not the true beneficiary." *Id.* at 1094 (internal quotation marks and citation omitted). The complaint here alleges no such facts.

Plaintiff's theory is that the September 2009 Assignment is void because MERS did not have the authority to execute it. Thus, according to Plaintiff, all future assignments are void and the foreclosure was wrongful because "[t]he holder of the Subject Note and Beneficiary of the Subject Deed of Trust as of the date of the sale was Countrywide Bank", and "[t]he true trustee was CTC Real Estate Services." [Doc. No. 1-2 at 13, ¶ 21.] The only facts alleged in the complaint to support this theory are that a MERS "State by State Foreclosure Manual" establishes that MERS had no authority to assign the beneficial interest in the Deed of Trust or the promissory note. The existence of such a manual and Countrywide Bank's membership in MERS (or lack thereof), however, do not render the assignments executed and recorded by MERS, or the foreclosure itself, void.

"A deed of trust to real property acting as security for a loan typically has three parties: the trustor (borrower), the beneficiary (lender), and the trustee." *Yvanova*, 62 Cal. 4th at 926. "[T]he borrower, or 'trustor,' conveys nominal title to property to an intermediary, the 'trustee,' who holds that title as security for repayment of the loan to the lender, or 'beneficiary.'" *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 334, (Cal. Ct. App. 2008). "The trustee of a deed of trust is not a true trustee with fiduciary obligations, but acts merely as an agent for the borrower-trustor and lender-beneficiary." *Yvanova*, 62 Cal. 4th at 927. "The trustee's duties are twofold: (1) to 'reconvey' the deed of trust to the trustor upon satisfaction of the debt owed to the beneficiary, resulting in a release of the lien created by the deed of trust, or (2) to initiate nonjudicial foreclosure on the property upon the trustor's default, resulting in a sale of the property." *Kachlon*, 168 Cal. App. 4th at 334. "The beneficiary [under a Deed of Trust] may make a substitution of trustee . . . to conduct the foreclosure and sale." *Id*.

6

19-CV-1689-CAB-WVG

"Typically, the owner of a promissory note is the beneficiary of the associated deed of trust. [] 'Under the MERS System, however, MERS is designated as the beneficiary in deeds of trust, acting as "nominee" for the lender, and granted the authority to exercise legal rights of the lender.'" *Marshall v. Gen. Motors/Corp. Serv. Co.*, No. 18-CV-2551-GPC-JLB, 2019 WL 2642661, at *7 n.3 (S.D. Cal. June 27, 2019) (quoting *Orcilla v. Big Sur, Inc.*, 244 Cal. App. 4th 982, 1003 (2016)). "California courts have held that the role of MERS under deeds of trusts clearly confers upon MERS the authority to assign a deed and any associated notes." *Holden v. Bank of New York Mellon*, No. 18-CV-02037-BLF, 2019 WL 452041, at *4 (N.D. Cal. Feb. 5, 2019); *see also Morgan v. Aurora Loan Servs., LLC,* 646 F. App'x 546, 551 (9th Cir. 2016) ("California courts have universally held that MERS, as nominee beneficiary, has the power to assign its interest under a deed of trust.") (citing *Herrera v. Fed. Nat'l Mortg. Assn.*, 205 Cal. App. 4th 1495 (Cal. Ct. App. 2012)) (internal brackets omitted).

The Deed of Trust here grants MERS rights, as nominee for Countrywide Bank, to exercise all of the interests granted by Plaintiff in the Deed of Trust, including "the right to foreclose and sell the Property; and to take any action required of [Countrywide Bank] including . . . releasing and canceling this Security Instrument." [Doc. No. 1-2 at 30-31.] "Several California courts have held that this exact language clearly and unmistakably grants MERS the right to assign the deed of trust." *Holden*, 2019 WL 452041, at *4. "Because the deed of trust in this case identifies MERS as a nominee and beneficiary, and provides MERS the ability to exercise any and all interests, MERS had the authority to assign the beneficial interest in [Plaintiff's] deed of trust." *Bever v. Cal-W. Reconveyance Corp.*, No. 1:11-CV-1584 AWI SKO, 2013 WL 5492154, at *3 (E.D. Cal. Oct. 2, 2013); *see also Herrera*, 205 Cal. App. 4th at 1506 ("Because the DOT stated MERS held all the rights of the lender, including the right to foreclose, there was no abuse of discretion in the trial court concluding plaintiffs were precluded from contesting MERS's authority to assign . . . the DOT and note."), disapproved on other grounds by *Yvanova*, 62 Cal. 4th at 939 n.13.

Plaintiff's allegation and argument that a MERS's "State by State Foreclosure Manual" establishes that MERS had no authority to assign the beneficial interest in the Deed of Trust because Countrywide Bank was not a MERS member is unavailing. The Deed of Trust expressly grants MERS the authority to act on behalf of Countrywide Bank, and this authority was not limited to the terms of any other agreements between MERS and Countrywide. Thus, any language in a MERS manual or any other agreements (or lack thereof) between MERS and Countrywide Bank do not eliminate this authority. *Cf. Ratliff v. JPMorgan Chase Bank N.A.*, No. 17-CV-02155-EMC, 2017 WL 2876141, at *8 n.3 (N.D. Cal. July 6, 2017) ("At the hearing, Mr. Ratliff raised a new argument . . . that MERS has a manual which provides that MERS will not act on a third party's behalf unless that third party is a member of MERS. . . . [O]n the merits, the argument is not persuasive. . . . even if [the defendants were not MERS members], the DOT specifically provides that MERS has the authority to act for the lender's successors and assigns. MERS apparently relied on that contractual delegation to act, regardless of what a manual may or may not have said."); *Avila v. Wells Fargo Bank, Nat'l Ass'n*, No C-16-5904-WHA, 2016 WL 7425925, at *3 (N.D. Cal. Dec. 23, 2016) (holding that MERS's authority applies "to the extent described in the applicable deed of trust," regardless of MERS membership); *Gomes v. Mortg. Elec. Registration Sys., Inc.*, No S-11-CV-1790-KFM, 2012 WL 370542, at *3 (E.D. Cal. Feb. 3, 2012) ("Whether Countrywide is officially a member of MERS or not is irrelevant here—the fact remains that Countrywide, via the deed of trust, authorized MERS to be its nominee and beneficiary under the deed of trust."). Accordingly, because the Deed of Trust gave MERS the authority to execute the September 2009 Assignment [Doc. No. 1-2 at 30-31], the substitution of trustee to Recontrust Company and assignment of beneficial interest to BAC Home Loans Servicing, LP is not void based on the MERS foreclosure manual or Countrywide Bank's lack of membership in MERS.

Plaintiff makes a second related argument that US Bank did not have the right to foreclose because it did not hold the promissory note. According to Plaintiff, US Bank did not hold the note either because MERS did not have the authority to transfer the note or

because the recorded assignment of the Deed of Trust from BAC Home Loans Servicing, LP to US Bank [Doc. No. 1-2 at 62] did not also assign the note. This argument is equally unavailing. "There is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose. Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure. Accordingly, the statute does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale." *Debrunner v. Deutsche Bank Nat'l Tr. Co.*, 204 Cal. App. 4th 433, 441 (2012); *see also Marshall*, 2019 WL 2642661, at *5 (holding that based on *Debrunner*, "the separation of the note and deed of trust does not prevent a party from concluding a non-judicial foreclosure sale."). Based on the complaint and the documents subject to judicial notice, US Bank was the beneficiary of the Deed of Trust and Summit was the trustee at the time of the foreclosure sale. Notably, the complaint does not contain any factual allegations that, if true, affirmatively demonstrate that US Bank did not have an interest in the note itself. Regardless, whether US Bank had an interest in the note is irrelevant to its right to foreclose based on its beneficial interest in the Deed of Trust.

In light of the foregoing, the complaint does not state a plausible claim that any of the assignments and substitutions are void or that US Bank and Summit did not have standing to foreclose on the Property. The wrongful foreclosure claim is therefore dismissed.

**B.      Remaining Claims**

Plaintiff's claims for quiet title, cancelation of instruments, unfair competition, and slander of title are all premised on the same flawed theory underlying her wrongful foreclosure claim that the trustee and beneficiary remained unchanged from the original deed of trust at the time the foreclosure occurred. Thus, because the complaint does not allege facts supporting that theory, these claims do not survive dismissal either.

### IV. Motion to Expunge

On August 16, 2019, Plaintiff recorded a Notice of Pendency of Action Pursuant to CCP § 405 (the "Lis Pendens") on the Property with the San Diego County recorder. Under California Code of Civil Procedure § 450.20, "[a] party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." "The effect of a lis pendens is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment. Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." *Cornell v. Select Portfolio Servicing, Inc.*, No. CIV S-11-1462 KJM, 2011 WL 6097721, at *1 (E.D. Cal. Nov. 29, 2011) (internal quotation marks and citation omitted) (citing *BGJ Assocs., LLC v. Superior Court*, 75 Cal. App. 4th 952, 966 (Cal. Ct. App. 1999)).

"At any time after notice of pendency of action has been recorded, any party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice." Cal. Code Civ. Proc. § 405.30. "In opposition to a motion to expunge, the party who recorded the notice of lis pendens has the burden of proof." *Leramo v. Wells Fargo Bank, N.A.*, No. 119CV00090DADJLT, 2019 WL 2089990, at *1 (E.D. Cal. May 13, 2019). "[T]o carry that burden, the recording party must demonstrate that 'the pleading on which the notice is based does . . . contain a real property claim' and establish 'by a preponderance of the evidence the probable validity of the real property claim.'" *Id.* (quoting Cal. Code Civ. Proc. §§ 405.31, 405.32). Having dismissed the complaint, Plaintiff cannot meet the burden of establishing that the complaint contains a real property claim of probable validity. *See id.* Accordingly, the motion to expunge the lis pendens should be granted. *See generally Cornell*, 2011 WL 6097721, at

*2 ("Once [the action on which the lis pendens is based] has been dismissed, the lis pendens serves no purpose, and thus, must be expunged.").[3]

US Bank and Summit also request their attorney's fees pursuant to Cal. Code. Civ. Proc. § 405.38, which provides: "The court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." Although the complaint fails to state a claim, Plaintiff did not act without substantial justification in recording the Lis Pendens based on the filing of this lawsuit. Accordingly, the Court declines to award attorney's fees.

## V. Leave to Amend

"[I]n dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotation marks and citation omitted). Here, Plaintiff does not request leave to amend, and the Court is skeptical, based on the documents in the record, that Plaintiff can allege facts that would support her theory for why US Bank and Summit did not have authority to foreclose, which underlies all of her claims. Nevertheless, this dismissal of the complaint is without prejudice, and leave to amend is granted.

---

[3] With her opposition to the motion to expunge, Plaintiff requests judicial notice of four publicly recorded documents, some of which were attached to the complaint or were already subject to Defendants' request for judicial notice. [Doc. No. 11-1, Exs. A-D.] Defendants do not object to this request, and it is granted. Defendants do object, however, to Plaintiff's request for judicial notice of a document called, "MERS State By State Foreclosure Procedures." [Doc. No. 11-1, Ex. E.] Although the Court agrees with Defendants that this document is not subject to judicial notice, the Court did not consider the document in connection with the instant motions. Accordingly, the request for judicial notice of this document is denied as moot.

## VI. Disposition

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. US Bank and Summit's motion to dismiss [Doc. No. 3] is **GRANTED**, and the complaint is **DISMISSED WITHOUT PREJUDICE**;

2. The motion to expunge the notice of pendency of action [Doc. No. 5] is **GRANTED**;

3. US Bank and Summit's request for attorney's fees related to their motion to expunge is **DENIED**;

4. The motion to dismiss filed by BoA and MERS [Doc. No. 9] is **DENIED AS MOOT**; and,

5. Plaintiff has leave to file an amended complaint by **October 25, 2019**. If an amended complaint is not filed by this date, the Clerk of Court shall close this case without further order from the Court.

It is **SO ORDERED**.

Dated: October 11, 2019

Hon. Cathy Ann Bencivengo
United States District Judge