# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA KING aka PAMELA SCHIAVONE,<br><br>         Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST et al.,<br><br>         Defendants. | Case No.: 19-CV-1689-CAB-WVG<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND DISMISSING CASE WITH PREJUDICE**<br><br>[Doc. Nos. 19, 20] |

   After removing this case from San Diego County Superior Court, Defendants U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust ("US Bank"), Summit Management Company, LLC ("Summit"), Defendant Bank of America, N.A. ("BoA"), and Defendant Mortgage Electronic Registration Systems ("MERS"), (collectively "Defendants") moved to dismiss the original complaint. [Doc. Nos. 3, 9.] The Court granted those motions and, notwithstanding the lack of a request from Plaintiff and the Court's own skepticism that Plaintiff could remedy the deficiencies in the original complaint, granted Plaintiff leave to amend. On October 25, 2019, Plaintiff filed her first

amended complaint ("FAC"). [Doc. No. 18.] The FAC is virtually identical to the original complaint aside from several paragraphs of what would more aptly be described as legal argument than new allegations of fact. Thus, Defendants now move to dismiss the FAC for all of the deficiencies outlined in the Court's original dismissal order. [Doc. Nos. 19, 20.] The Court deems the motions suitable for determination on the papers submitted and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons set forth below, the motions to dismiss the FAC are granted, and the FAC is dismissed with prejudice.

## I. Legal Standard for Motions to Dismiss[1]

The familiar standards on a motion to dismiss apply here. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

---

[1] The factual allegations in the FAC are identical to those in original complaint. Accordingly, the background provided in the Court's order dismissing the original complaint is equally applicable here and will not be repeated.

## II. Discussion

Upon review of the motions and the FAC, the Court finds that Plaintiff failed to remedy the deficiencies identified in the Court's previous Order dismissing the complaint with leave to amend. [Doc. No. 15.] Indeed, as far as the Court can discern, the FAC adds no new factual allegations and is verbatim identical to the original complaint aside from some legal argument added to paragraphs 11 and 12 of the FAC. In her oppositions, Plaintiff appears to be relying on the same defective legal theories the Court previously held were unavailing and does not identify how the FAC offers any factual basis to convince the Court otherwise. As the Court previously stated, because the Deed of Trust gave MERS the authority to execute the September 2009 Assignment, the substitution of trustee to Recontrust Company and assignment of beneficial interest to BAC Home Loans Servicing, LP is not void based on the MERS foreclosure manual or Countrywide Bank's lack of membership in MERS. Furthermore, whether US Bank had an interest in the note is irrelevant to its right to foreclose based on its beneficial interest in the Deed of Trust. Accordingly, Defendants' motions to dismiss the FAC are **GRANTED**.

## III. Disposition

As discussed above, the FAC does not remedy the deficiencies identified in the Court's order dismissing the original complaint. Accordingly, Defendants' motions to dismiss are **GRANTED**, and the FAC is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall close this case.

It is **SO ORDERED**.

Dated: December 9, 2019

Hon. Cathy Ann Bencivengo
United States District Judge